Gifford W. Price (2647)
MACKEY PRICE LAW
A Utah Corporation
350 American Plaza II
57 West 200 South
Salt Lake City, UT 84101
Telephone: (801) 575-5000

Matthew G. Bagley (6820)
Jeffrey R. Stephens (4774)
SECURITYNATIONAL MORTGAGE COMPANY
5300 South 360 West, Suite 300
Murray, UT 84123
Telephone (801) 287-8152

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT,
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **SECURITYNATIONAL MORTGAGE COMPANY**, a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>**AMBER COLEMAN;** and **GUILD MORTGAGE COMPANY**, a California corporation,<br><br>Defendants. | **COMPLAINT**<br><br>Civil Action No.<br><br>Judge |

Plaintiff SecurityNational Mortgage Company alleges as follows for claims for relief against Defendants Amber Coleman and Guild Mortgage Company:

## PARTIES AND JURISDICTION

1. Plaintiff SecurityNational Mortgage Company ("SNMC") is a Utah corporation with its principal place of business in Salt Lake County, state of Utah.

2. Defendant Amber Coleman ("Coleman") is an individual principally residing in the state of Nevada.

3. Defendant Guild Mortgage Company ("Guild Mortgage") is a California corporation that is duly authorized to conduct business in the state of Utah, and has offices in Utah including in Salt Lake County.

4. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. §§ 1331 and 1367.

5. In the alternative, jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000 and the citizenship of Defendants is diverse from that of Plaintiff.

6. This Court has personal jurisdiction over Defendant Coleman and venue is proper in this Court pursuant to Coleman's Employment Agreement with SNMC, in which she agreed that "[a]ny action brought to enforce or interpret this agreement shall be brought in Salt Lake County, Utah, and Originator consents to jurisdiction in Salt Lake County, Utah."

7. This Court has jurisdiction over Defendant Guild Mortgage as it is licensed to do business and does business in the state of Utah, with offices in Utah, including offices in Salt Lake County, and venue is proper.

## GENERAL ALLEGATIONS

8. Plaintiff SNMC is in the business of originating and selling residential mortgage loans.

2

9. In connection with that business, on or about July 19, 2011, Plaintiff SNMC employed Defendant Coleman as a loan originator, and among other things she signed a document entitled "Security National Financial Corporation Employee Non-disclosure Agreement," wherein she agreed to return all company materials in her possession at the time of any future termination and not to retain copies of the same, and not to share or disclose the company's confidential or proprietary information to third parties. A true and correct copy of the Non-disclosure Agreement is attached hereto as Exhibit A.

10. On about August 4, 2014, Plaintiff SNMC and Defendant Coleman executed a written Employment Agreement. A true and correct copy of the Employment Agreement is attached hereto as Exhibit B.

11. On about July 12, 2016, Plaintiff SNMC and Defendant Coleman executed a second written Employment Agreement. A true and correct copy of the Employment Agreement is attached hereto as Exhibit C.

12. In her Employment Agreement dated July 12, 2016, Defendant Coleman agreed, among other things, to the following:

> Originator acknowledges that by reason of Originator's relationship with SNMC, Originator will have access to information and materials concerning SNMC's: processes, technology, products, borrowers, loan applicants, loans in process, and borrowers' and prospective borrowers' loan applications, records, documents and other information (hereinafter "Confidential Information"). Originator acknowledges that all Confidential Information is of substantial value to SNMC. Originator agrees to not disclose, or utilize in any manner, any Confidential Information, except only as necessary in the origination of a loan by or through SNMC. Originator agrees to abide by Security National Financial Corporation's and SNMC's privacy policies and all other laws, rules, regulations and policies pertaining to the protection of financial privacy and non-public information. Originator's promises, duties and obligations set forth in this Agreement shall survive any termination of Originator's employment. Originator agrees that any

3

disclosure or use of any Confidential Information, except only as specifically permitted in this Agreement, will result in irreparable injury and harm to SNMC, for which there is no adequate remedy at law. Originator agrees that, in addition to SNMC's other remedies, SNMC may apply for and obtain injunctive relief prohibiting and enjoining any breach by Originator of Originator's promises, duties and obligations set forth in this Agreement.

(Exhibit C at ¶ 7. See also Exhibit B at ¶ 7.)

13. On or about February 5, 2018, Defendant Coleman terminated her employment with Plaintiff SNMC in order to take employment with Defendant Guild Mortgage, a direct competitor of SNMC in the residential mortgage lending business.

14. Not only did Defendant Coleman accept new employment with Defendant Guild Mortgage, but pursuant thereto it was intended that she would open a new branch office for Guild Mortgage in Las Vegas, Nevada, which she did, which directly competes with SNMC.

15. In addition, on the same date that Defendant Coleman left SNMC, two mortgage processors, Nicole Renteria and Jennifer Mendoza, who had been working under Coleman's supervision at SNMC also terminated their employment at SNMC to work for Defendant Guild Mortgage at the branch office being established by Coleman.

16. In view of the circumstances, Defendant Coleman took steps to accomplish leaving SNMC for new employment with a direct competitor while still in the employment of SNMC. For example, at least as early as January 23, 2018, Coleman engaged in wrongful activity to the detriment of SNMC by exporting consumer loan file information that belonged to SNMC.

17. With respect to the foregoing, Defendant Coleman exported loan information from approximately 100 in-process consumer loan files to an unsecured, personal drop-box in violation of her employment agreements which prohibited the copying of consumer personal and financial

information. Jennifer Mendoza assisted Coleman in the foregoing exporting of information from loan files at SNMC while both were still working at SNMC.

18. The loan-in-process files were the exclusive and proprietary property of SNMC that Defendant Coleman had no right to copy, misappropriate, or to use for her own benefit or that of a competitor such as Guild Mortgage.

19. At no time since Defendant Coleman left employment with SNMC has she provided SNMC a written account of loans-in-process originated by her while employed by SNMC, or to make an arrangement with any other SNMC employee to take over responsibility for such loans-in-process.

20. Based upon the circumstances, including the timing, and the nature of Defendant Coleman's activities, including the exporting of a large quantity of loan-in-process file information to her personal drop-box, it is alleged that Coleman's activities were carried out for the benefit of herself and Guild Mortgage in anticipation of her upcoming employment with Guild Mortgage including the opening up of a new branch office for Guild Mortgage in Las Vegas that would compete with SNMC.

21. In view of the circumstances, including the quantity of SNMC loan-in-process information wrongfully copied and exported directly by Defendant Coleman or under her direction, and the role of Coleman in establishing a branch office for Defendant Guild Mortgage, it is asserted upon information and belief that Guild Mortgage had knowledge of, or aided and abetted Coleman's activity in misappropriating SNMC's loan-in-process information.

22. Further, in light of the circumstances, it is asserted that Defendant Coleman was involved in the aforesaid processors leaving SNMC to become part of Coleman's loan origination team at the branch she was establishing under the auspices of Defendant Guild Mortgage.

23. Upon information and belief, Defendant Coleman's exporting and misappropriation of SNMC's loan-in-process information, together with her improper utilization on behalf of Defendant Guild Mortgage of two loan processor employees that she supervised at SNMC, was of assistance to her in establishing a branch office for Guild Mortgage.

24. Upon information and belief, Defendant Guild Mortgage was aware of, or would have reason to know of the business information exported from SNMC and of the two processors who left SNMC on the same day as Defendant Coleman to work for Guild Mortgage.

**FIRST CLAIM FOR RELIEF**
**(Violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.*–**
**Coleman, Guild Mortgage)**

25. Plaintiff SNMC incorporates the allegations of the prior paragraphs as if set forth herein.

26. The Defend Trade Secrets Act, 18 U.S.C. § 1839(3), defines a trade secret as, among other things, "all forms and types of financial, business, scientific, technical, economic, or engineering information, . . . whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing" – provided that the owner took "reasonable measures to keep such information secret," and it offers the holder of the trade secret an advantage over competitors who do not know or use the trade secret.

27. Plaintiff SNMC took reasonable measures to protect the secret and private nature of its customer lists, customer leads, loan applications, personal consumer information, and other loan and borrower information.

28. Plaintiff SNMC's trade secrets are related to products or services used in interstate commerce.

29. Defendant Coleman was entrusted with this confidential and proprietary information in the performance of her job, including as set forth in her employment documents.

30. Since Defendant Coleman has not arranged for any other SNMC employee to transition or take over the loans-in-process, together with the large quantity of information that was exported, and the timing of export in relation to her termination with SNMC and new employment with Guild Mortgage, Coleman improperly accessed and disclosed SNMC's trade secrets for her benefit, the benefit of Guild Mortgage and the opening of its new branch, and, based on the circumstances, it is further alleged that Guild Mortgage knew or had reason to know that this loan-in-process information was wrongfully exported, all in violation of the provisions of the Defend Trade Secrets Act.

31. Plaintiff SNMC did not consent, either expressly or impliedly, to this conduct which was undertaken to SNMC's detriment.

32. As a result of Defendants' action, Plaintiff SNMC has been harmed and continues to be irreparably harmed.

33. Unless Defendants are restrained by appropriate injunctive relief pursuant to the Defend Trade Secrets Act, Defendants' conduct will cause Plaintiff SNMC immediate and irreparable harm for which there is no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### (Misappropriation of Trade Secrets in Violation of
**Utah Uniform Trade Secrets Act, Utah Code §§ 13-24-1 *et seq.* – Coleman, Guild Mortgage)**

34. Plaintiff SNMC incorporates the allegations of the prior paragraphs as if set forth herein.

35. Plaintiff SNMC derives independent economic value from its customer lists, customer leads, loan applications and customer non-public information, none of which are generally known, and were kept secret by reasonable measures undertaken by SNMC to protect the secret nature of the information. As such, they constitute trade secrets under Utah's Uniform Trade Secrets Act.

36. Defendant Coleman was entrusted with this confidential and proprietary information in the performance of her job.

37. Defendant Coleman improperly accessed, and, upon information and belief, disclosed her possessing such confidential information to Defendant Guild Mortgage, and Guild Mortgage knew or had reason to know that the information was exported as alleged, and would be utilized for the benefit of Guild Mortgage to SNMC's detriment, all in violation of the provisions of the Utah Uniform Trade Secrets Act.

38. As a result of the foregoing, Plaintiff SNMC has been harmed and continues to be irreparably harmed.

39. Unless Defendants are restrained by appropriate injunctive relief pursuant to the Utah Uniform Trade Secrets Act, Defendants' conduct will cause Plaintiff SNMC immediate and irreparable harm for which there is no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
### (Tortious Interference with Economic Relations – Coleman, Guild Mortgage)

40. Plaintiff SNMC incorporates the allegations of the prior paragraphs as if set forth herein.

41. Defendants interfered with Plaintiff SNMC's existing or potential economic relations based upon the wrongful exportation of customer loan-in-process information that was the exclusive and proprietary property of SNMC, as set forth herein.

42. Based upon the circumstances, Defendants had an intent and desire to divert and utilize SNMC's loans-in-process to their own benefit, and did so willfully or maliciously.

43. In order to interfere with Plaintiff SNMC's existing or potential economic relations, Defendants used the improper means wherein the copying, diverting or otherwise misappropriating SNMC's property--namely, its loans-in-process—was done surreptitiously without SNMC's knowledge or authorization.

44. The means of diverting and misappropriating SNMC's loan-in-process information was also in violation of the federal Defend Trades Secrets Act and the Utah Uniform Trade Secrets Act.

45. The aforesaid interference with SNMC's existing or potential economic relations has harmed and will continue to harm SNMC to the extent that the profit to be, or that should have been, realized by SNMC from the loans-in-process as the rightful originator and owner of the same has instead been diverted and misappropriated by Defendants.

## FOURTH CLAIM FOR RELIEF
### (Breach of Fiduciary Duty – Coleman)

46. Plaintiff SNMC incorporates the allegations of the prior paragraphs as if set forth herein.

47. As an employee of SNMC and a supervisor of other SNMC employees, and pursuant to her employment documents, Coleman owed fiduciary duties to SNMC, including the following:

    a. A duty to faithfully perform the duties assigned to her, during the term of her employment, including not to engage in any other real estate or mortgage-related duties or work for competing entities or otherwise benefit a competing entity to the detriment of SNMC;

    b. A duty not to disclose or utilize in any manner SNMC's or its customers' confidential information for her own benefit and/or the benefit of others, or to the detriment of SNMC;

    c. A duty not to misuse, divert or misappropriate Plaintiff SNMC's or its customers' confidential information except for the express purpose for which the information was provided or made accessible to her; and

    d. A duty of good faith and loyalty to Plaintiff SNMC, including but not limited to a duty not to solicit SNMC employees as herein set forth.

48. Defendant Coleman has breached the foregoing duties, including but necessarily limited to as follows:

    a. By accessing, converting, utilizing, and disclosing SNMC's consumer non-public information for her benefit and for the benefit of a third party competitor, namely Defendant Guild Mortgage, to the detriment of SNMC;

b. By soliciting Plaintiff SNMC's employees for her own benefit and for the benefit of a third party competitor, namely Defendant Guild Mortgage, while still employed by SNMC to the detriment of SNMC; and

c. By soliciting or diverting Plaintiff SNMC's current and prospective customers.

49. It is alleged that all of the above actions were orchestrated and undertaken by Defendant Coleman while she was still employed by SNMC, as well as her conduct thereafter.

50. As a result of Defendant Coleman's breaches of her fiduciary duties, Plaintiff SNMC has suffered and will continue to suffer damages and irreparable injury.

51. Unless Defendants are restrained by appropriate injunctive relief, Defendants' conduct will cause Plaintiff SNMC immediate and irreparable harm for which there is no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
### (Aiding and Abetting a Breach of Fiduciary Duty – Guild Mortgage)

52. Plaintiff SNMC incorporates the allegations of the prior paragraphs as if set forth herein.

53. As alleged above, Defendant Coleman, by virtue of her employment with SNMC, at all relevant times owed a fiduciary duty and a duty of loyalty to SNMC.

54. Defendant Coleman breached her fiduciary duty and duty of loyalty to SNMC by diverting SNMC's loans-in-process and existing or potential customers for the use and benefit of a direct competitor, together with soliciting SNMC employees, while remaining employed by SNMC.

55. Upon information and belief, Defendant Guild Mortgage provided assistance to Defendant Coleman by facilitating such transactions, and taking financial advantage of Defendant Coleman's breach of her fiduciary duties.

56. As a result of Defendant Guild Mortgage's alleged actions in aiding and abetting the fiduciary breaches outlined above, Plaintiff SNMC has been harmed and continues to be irreparably harmed.

57. Unless Defendants are restrained by appropriate injunctive relief, Defendants' conduct will cause Plaintiff SNMC immediate and irreparable harm for which there is no adequate remedy at law.

### SIXTH CLAIM FOR RELIEF
**(Breach of Contract – Coleman)**

58. Plaintiff SNMC incorporates the allegations of the prior paragraphs as if set forth herein.

59. Plaintiff SNMC entered into employment agreements with Defendant Coleman, in which Defendant Coleman agreed to the aforementioned confidentiality requirements as consideration for employment and continued employment with SNMC.

60. Pursuant to these agreements, Defendant Coleman was contractually obligated not to disclose or misappropriate Plaintiff SNMC's confidential information to third parties or to utilize that information for her benefit or the benefit of third parties, to the detriment of SNMC.

61. Defendant Coleman breached her obligations, including that of confidentiality, by, among other things, disclosing and misappropriating SNMC's confidential information for her own benefit and the benefit of Defendant Guild Mortgage, and while still employed by SNMC

soliciting SNMC employees to leave SNMC's employment in order to work for its competitor Defendant Guild Mortgage.

62. As a proximate result of Defendant Coleman's violations of her obligations, Plaintiff SNMC has been and will continue to be irreparably injured because it has no adequate remedy at law for Coleman's actions and because the amount of damages SNMC has suffered and will continue to suffer in connection with the solicitation of its employees and the wrongful utilization, disclosure, and misappropriation of its and its customers' confidential information does not lend itself to exact proof and specificity.

63. Defendant Coleman will, unless restrained preliminarily and permanently, continue to violate Plaintiff SNMC's rights, and she will continue to ignore her contractual duties by using SNMC's confidential information divert customers and/or to solicit employees, as well as disclosing the same to third parties to the detriment of SNMC, and will continue to cause the loss of the secrecy and the competitive value of the SNMC's confidential information, thereby causing SNMC irreparable harm.

64. Accordingly, a preliminary and permanent injunction restraining and enjoining Defendant Coleman from further violating the terms and covenants of the parties' agreements is necessary to afford Plaintiff SNMC meaningful relief.

65. Defendant Coleman is further obligated to fully and completely return all of Plaintiff SNMC's confidential information, including all copies, compilations, and excerpts, regardless of the form or embodiment of that information, and shall not make or retain copies or reproductions of such information.

66.     Plaintiff SNMC is also entitled to a recovery of its damages, to the extent that those damages may be ascertainable and are not covered by injunctive relief, for the breaches by Defendant Coleman of duties owed to SNMC, including those per agreement.

## PRAYER FOR RELIEF

WHEREFORE, as to all claims for relief and Defendants, Plaintiff SNMC respectfully requests that the Court enter judgment in its favor and award the following relief against Defendants:

A. A preliminary injunction during the pendency of this action, and a permanent injunction thereafter restraining Defendants, their agents, employees, attorneys, and all others in concert or participation with any of them from:

   i. maintaining, using, disclosing, reproducing or disseminating any confidential and/or proprietary information of Plaintiff SNMC that Defendants were provided, were privy to or obtained knowledge of while employed and/or in any capacity providing services for or on behalf of Plaintiff; and

   ii. maintaining, using, disclosing, reproducing or disseminating any personal information of Plaintiff's customers, including but not limited to, their Social Security numbers, home and business addresses and telephone numbers, income, liability, asset statements, and their account numbers and monetary balances for bank accounts, mortgages, credit cards, investment and retirement accounts;

B. A temporary restraining order, preliminary injunction during the pendency of this action, and a permanent injunction thereafter restraining Defendants, their agents,

employees, attorneys, and all others in concert or participation with any of them from soliciting or aiding in the solicitation of any of SNMC's employees for a reasonable period subsequent to Defendant Coleman's termination from SNMC due to the wrongful activities enumerated herein;

C. Defendants should be required to fully and completely return all of Plaintiff SNMC's confidential information, including all copies, compilations, and excerpts, regardless of the form of embodiment of that information, and shall not make or retain copies or reproduction of such information;

D. Damages suffered as a result of Defendants' wrongdoing in an amount to be proven at the trial of this matter, to the extent not remedied by applicable injunctive relief;

E. Such actual and nominal damages as may be proven as a result of Defendants' wrongdoing;

F. Doubling or trebling of actual damages according to the circumstances of the case;

G. Punitive damages;

H. Interest;

I. Costs;

J. Reasonable attorneys' fees, as applicable pursuant to law and/or equity; and

K. Such other and further relief as the Court deems just and proper.

**DATED** this 13th day of February, 2018.

/s/ Gifford W. Price
Gifford W. Price
MACKEY PRICE LAW

Matthew G. Bagley
Jeffrey R. Stephens
SECURITYNATIONAL MORTGAGE
COMPANY